IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANICE SUE TAYLOR, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 09-386-JJF |
| CHARLES KEETON, a corporate entity and holder of the key, | : |
| Respondent. | : |

**MEMORANDUM ORDER**

Petitioner Janice Sue Taylor's "Petition For Emergency Writ Of Habeas Corpus" ("Petition")(D.I. 1), will be **DENIED**, and the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

Petitioner alleges that Respondent "is a corporation for profit" that has detained her in the Pinal County "Corrections Corporation of America Detention Center" in Arizona, against her will, over her objection, and without her consent. Id. at p.1. According to Petitioner, Respondent is wrongfully detaining her because "no criminal action in the State of Arizona has been commenced against [her] by the filing of an affidavit/complaint, by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." Id.

at pp. 1-2. She contends that the Court can review the instant Petition because it has original jurisdiction over corporations incorporated in the State of Delaware, and she asks the Court to "demand [her] immediate discharge." Id. at p.3.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Having reviewed the face of the Petition, the Court concludes that summary dismissal is appropriate in this case. Specifically, Petitioner is not in custody in the State of Delaware, she does not challenge a sentence or conviction imposed by the State of Delaware, and she does not challenge a sentence or conviction imposed by this Court. See 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Petitioner has also failed to provide any indication that she has exhausted state remedies as required by § 2254(b)(1)(A).[1] Accordingly, the Court lacks

---

[1] To the extent Petitioner is challenging some type of pre-trial custody in Arizona pursuant to 28 U.S.C. § 2241, the dismissal of the instant proceeding is appropriate because she is

2

jurisdiction over the instant case.

The Clerk of the Court shall mail a copy of this Memorandum Order to Petitioner at her address of record and to Respondent. The Clerk of the Court shall close the case.

                              So Ordered.

_June 9, 2009_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE

---

trying to completely abort her state criminal proceeding rather than assert a speedy trial claim. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).